IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEET KAUR SAINI, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV3201 |
| | ) | |
| V. | ) | |
| | ) | |
| GERARD HEINAUER, Director, | ) | **MEMORANDUM** |
| Nebraska Service Center, U.S. | ) | **AND ORDER** |
| Citizenship and Immigration | ) | |
| Services; CAROLINE PRATT, | ) | |
| District Director, U.S. Citizenship | ) | |
| and Immigration Services, Omaha, | ) | |
| Nebraska District Office; UNITED | ) | |
| STATES CITIZENSHIP AND | ) | |
| IMMIGRATION SERVICES, DES | ) | |
| MOINES, IOWA SUB-OFFICE; | ) | |
| EMILIO T. GONZALEZ, Director, | ) | |
| U.S. Citizenship and Immigration | ) | |
| Services; ALBERTO GONZALES, | ) | |
| Attorney General of the United | ) | |
| States; MICHAEL CHERTOFF, | ) | |
| Secretary, Department of Homeland | ) | |
| Security; and ROBERT S. | ) | |
| MUELLER, III, Director of the | ) | |
| Federal Bureau of Investigation, | ) | |

Defendants.

The plaintiff submitted a N-400 application for naturalization to the United States Citizenship and Immigration Services ("USCIS"). The plaintiff has not yet been interviewed because the Federal Bureau of Investigation ("FBI") name check is not complete, so she seeks to expedite the decision-making. Jurisdiction is asserted under 28 U.S.C. § 1361 ("Mandamus Act"), 5 U.S.C. §§ 555 & 701 *et seq.* ("Administrative Procedure Act" or "APA"), and 28 U.S.C. § 1331 (federal question

jurisdiction).[1]  This action is before me upon a motion (filing 12) to dismiss for lack of jurisdiction, or, alternatively, for failure to state a claim.  I will grant the motion for the reasons set forth below.

## BACKGROUND

Plaintiff Jeet Kaur Saini filed a complaint seeking to compel Gerard Heinauer, the Director of the Nebraska Service Center, USCIS; Caroline Pratt, District Director, USCIS; Emilio Gonzalez, Director of USCIS; Michael B. Mukasey[2], the U.S. Attorney General; Michael Chertoff, Secretary, Department of Homeland Security; and Robert S. Mueller, III, Director of the FBI, to adjudicate her N-400 application for naturalization.  Plaintiff alleges that Defendants have breached a nondiscretionary duty to adjudicate her application within a reasonable time.  Specifically, Plaintiff asks that the court assume jurisdiction over her N-400 application for naturalization[3], declare that the delay in adjudicating the application is unreasonable, compel the defendants to immediately take all actions necessary to adjudicate the application within 60 days of the court's order, award attorney's fees, and grant any other relief deemed proper.  (Filing 1, Complaint, at CM/ECF p 9.)  Next, I briefly describe the naturalization process to provide a context for my decision.

---

[1]The complaint also asserts jurisdiction under 28 U.S.C. § 2201 ("Declaratory Judgment Act").  As Plaintiff acknowledges in her brief, the Declaratory Judgment Act does not confer an independent basis for jurisdiction, and I therefore do not consider it. (Filing 16, Pl.'s Br. Opp'n Mot. Dismiss at 9 n.4; *State ex. rel. Missouri Highway & Transportation Comm'n v. Cuffley*, 112 F.3d 1332, 1334 (8th Cir. 1997) (Declaratory Judgment Act is a procedural statute, not a jurisdictional statute, and does not provide an independent basis for subject matter jurisdiction).

[2]The court substitutes current Attorney General Michael B. Mukasey for former Attorney General Alberto Gonzales.  Fed. R. Civ. P.  25(d).

[3]The parties refer to the N-400 both as an "application" and a "petition," and I use the terms interchangeably.

The Attorney General has the sole authority to naturalize persons. 8 U.S.C. § 1421(a). USCIS acts on behalf of the Attorney General in naturalization matters. The steps in becoming naturalized are as follows. First, an applicant must submit an application for naturalization to USCIS on Form N-400. 8 U.S.C. § 1445(a); 8 C.F.R. § 334.2. Next, an "investigation/examination" of the applicant is conducted. 8 U.S.C. § 1446(a) (USCIS employee, or an employee of the United States designated by the Attorney General, "shall conduct a personal *investigation*"); 8 U.S.C. § 1446(b) (Attorney General shall designate USCIS employees to "conduct *examinations*"). As part of the § 1446 "investigation/examination," USCIS requests that the FBI conduct a background check, which includes a name check. The "investigation/examination" also includes an interview of the applicant by USCIS. 8 C.F.R. § 335.2(a). Following this "investigation/examination" stage, USCIS makes a determination whether the application should be granted or denied. 8 U.S.C. § 1446(d).

If the application is granted, the applicant participates in a citizenship oath ceremony. 8 U.S.C. § 1448(a). If the application is denied, the unsuccessful applicant may seek review in the United States district court for the district in which such person resides (after exhausting the administrative remedy of appealing the denial to an immigration officer). 8 U.S.C. § 1421(c); 8 C.F.R. § 336.9(d). If there has been no decision on the application within 120 days after the USCIS interview, the applicant may apply to a United States district court for a hearing, and the district court may either determine the matter or remand it with instructions. 8 U.S.C. § 1447(b); *see, e.g., Walji v. Gonzales*, 500 F.3d 432 (5th Cir. 2007) (120-day period of § 1447(b) begins to run after USCIS interview, rather than after background investigation is complete).

Here, the plaintiff filed her Form N-400 on January 26, 2006. The name-check request was electronically submitted to the FBI on February 8, 2006, less than two weeks after Plaintiff filed her N-400 application, and the application remains pending

because the FBI name check has not been completed. Plaintiff has not yet been scheduled for an interview by USCIS.

## DISCUSSION

I do not review the familiar standards applicable to Fed. R. Civ. P. 12(b)(1) jurisdictional challenges or Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim.[4] Plaintiff asserts jurisdiction, and that she has stated a claim, under the APA and the Mandamus Act.

I have jurisdiction over the APA claim only if §§ 702 and 706(1) of the APA, in combination with the federal question statute, 28 U.S.C. § 1331, provide jurisdiction. To invoke jurisdiction under the APA, a plaintiff must show that (1) an agency had a nondiscretionary duty to act and (2) the agency unreasonably delayed in acting on that duty. *See Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63-65 (2004). "[A] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. This includes judicial review to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

"Failures to act are sometimes remediable under the APA, but not always." *Norton*, 542 U.S. at 61 (2004). "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is *required to take*." *Id.* at 64 (emphasis in original). As another court has noted:

---

[4] I recognize that the familiar Rule 12(b)(6) standard of review set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) was "retired" in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968-69 (2007). Although the parties briefed this case assuming that the *Conley* standard applied, I use the *Bell Atlantic* standard.

> The essential allegation, that the action is "unreasonably delayed" is not a ground for jurisdiction. As the Supreme Court noted, "a delay cannot be unreasonable with respect to action that is not required." *Norton*, 524 U.S. at 63, n.1. Therefore, *a court only has jurisdiction to compel an agency to act within a certain time period under the APA when the agency is compelled by law to act within a certain time period. See id.*

*Dong Liu v. Chertoff*, No. 07CV0005 BEN, 2007 WL 1300127, at *6 (S.D. Cal. April 30, 2007) (emphasis added).

The Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. As the Eighth Circuit has explained:

> A district court may grant a writ of mandamus *only in extraordinary situations* and only if: (1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy. *In re SDDS, Inc.*, 97 F.3d 1030, 1034 (8th Cir. 1996). Further, whether a writ of mandamus should issue is largely a matter *within the district court's discretion. See In re MidAmerican Energy Co.*, 286 F.3d 483, 486 (8th Cir. 2002) (*per curiam*).

*Castillo v. Ridge*, 445 F.3d 1057, 1060-61 (8th Cir. 2006) (emphasis added).

Whether this court has jurisdiction, under either the APA or the Mandamus Act, and whether the complaint states a claim depend wholly upon whether Defendants have a nondiscretionary duty to adjudicate naturalization applications—prior to the interview which triggers the 120-day period of 8 U.S.C. §

5

1447(b)—within a reasonable time.[5] I could conclude that this court has jurisdiction because the APA and Mandamus Act claims are clearly claims raising federal questions, and then consider whether the defendants owe a duty in the context of whether the complaint states a claim for relief. Alternatively, I could reach the duty question when deciding whether this court has jurisdiction. Whichever approach I use, the result will be the same, as I find that neither USCIS nor the FBI has the requisite duty.

### USCIS

USCIS can be compelled to act under § 706(1) of the APA only if it has withheld action "legally required." *Norton*, 542 U.S. at 63. USCIS is legally required to take further action now on Plaintiff's application only if there is a clear, nondiscretionary duty to adjudicate naturalization applications—prior to the interview which triggers the 120-day period of 8 U.S.C. § 1447(b)—within a reasonable time. USCIS has no such duty[6] since the next action USCIS could take is legally prohibited.

The next action for USCIS to take regarding Plaintiff's naturalization application is to hold the interview. However, USCIS is *prohibited* from interviewing

---

[5]The government has not asserted that the jurisdiction-stripping provisions of 8 U.S.C. § 1252(a)(2)(B) apply here. I assume, without deciding, that they do not, because USCIS has some mandatory duties regarding *naturalization* petitions, and there are some provisions for review of naturalization decisions. *See, e.g.*, 8 U.S.C. §§ 1446 & 1421(c).

[6]Some courts that have considered this issue have reached the opposite conclusion. I have largely omitted citations to decisions supporting or rejecting my findings. It is fair to say that one can find a district court decision to support the alternative view of each issue arising when plaintiffs who have not been interviewed in connection with their naturalization applications seek to speed up the FBI background check.

Plaintiff until USCIS receives "a definitive response from the Federal Bureau of Investigation that a full criminal background check[7] of the individual has been completed." 8 C.F.R. § 335.2(b); *see also* Pub. L. No. 105-119, Title I, 111 Stat. 2448 (Nov. 26, 1997), *reprinted in* Historical and Statutory Notes following 8 U.S.C.A. § 1446 (beginning with fiscal year 1998, no USCIS funds may be "used to complete adjudication of an application for naturalization unless [USCIS] has received confirmation from the [FBI] that a full criminal background check has been completed . . . .").[8]

The naturalization statutes and regulations do not prescribe a time limit for the pace of the "investigation/examination" required by § 1446. The only time limit relates to the USCIS interview which is part of that "investigation/examination." Once the interview has been conducted, if USCIS does not reach a decision within 120 days, then the naturalization applicant may petition the district court for a hearing. 8 U.S.C. § 1447(b); *Walji,* 500 F.3d 432. As evidenced by the 120-day time limit of § 1447(b), when Congress intended time limitations on adjudication of naturalization petitions, it expressly created them. I will not judicially impose any other time limit.

Since USCIS does *not* have a clear, nondiscretionary duty to adjudicate naturalization applications—prior to the interview which triggers the 120-day period of 8 U.S.C. § 1447(b)—within a reasonable time, I find that I lack jurisdiction over the APA claim against USCIS or, alternatively, that Plaintiff has failed to state an

---

[7]This "background check" is undefined, but clearly includes a FBI name check. In the case before me, the FBI name check is the bottleneck.

[8]Despite these provisions, for a time USCIS conducted interviews before the FBI background check was complete. That practice led to courts finding § 1447(b) jurisdiction when 120 days elapsed after the interview.

APA claim against USCIS.[9] For the same reasons that USCIS cannot take further action without the results of the FBI background check, Plaintiff has no "clear and indisputable right" for further USCIS action, as required for mandamus jurisdiction or to state a mandamus claim. Furthermore, because "whether a writ of mandamus should issue is largely a matter within the district court's discretion," *Castillo*, 445 F.3d at 1061, I decline to exercise my discretion to issue a writ of mandamus as to the pace of adjudication of Plaintiff's naturalization petition.

## FBI

I turn now to whether the FBI has a duty regarding the pace of background checks.[10] The FBI appears to be in the midst of processing Plaintiff's name check,

---

[9] There may be an additional reason to dismiss the APA claim. In *Ardestani v. Immigration & Naturalization Serv.*, 502 U.S. 129, 133 (1991), the Supreme Court suggested that Congress intended for the provisions of the Immigration and Nationality Act ("INA") to supplant the APA in immigration proceedings. Some courts have noted the uncertainty after *Ardestani* as to whether there can be subject matter jurisdiction over APA claims of unreasonable delay in the pace of processing nationality applications and have refused to consider APA jurisdiction after finding Mandamus Act jurisdiction. *See, e.g.*, *Hanbali v. Chertoff*, No. 3:07CV-50-H, 2007 WL 2407232, at *3 (W.D. Ky. Aug. 17, 2007) (citing cases). The parties have not briefed this issue, and I do not decide whether the INA supplants APA jurisdiction.

[10] I have previously addressed this issue in *Alzuraiki v. Heinauer*, No. 4:07CV3189 (D. Neb. Feb. 13, 2008). To my knowledge, other judges in this district have not had occasion to address this issue. They have addressed the question of when the 120-day period of § 1447(b) begins to run and what instructions the court should give when it remands pursuant to § 1447(b). *E.g.*, *Khan v. Gonzales*, No. 8:07CV29, 2007 WL 2108918 (D. Neb. July 18, 2007) (Judge Smith Camp) (instructions only for USCIS although FBI a defendant); *Majid v. U.S. Dep't of Homeland Security*, No. 8:07CV25, 2007 WL 1725272 (D. Neb. June 12, 2007) (Judge Bataillon) (instructions only to USCIS, FBI not a defendant); *Al-Jayashi v. U.S. Dep't of Homeland Security*, No. 4:07CV3028, (D. Neb. June 11, 2007) (Judge

so this is not an instance of failure by the FBI to take any action whatsoever. It is simply taking longer than Plaintiff would like to process Plaintiff's name check. No statute or regulation limits the FBI's discretion in how it completes Plaintiff's "background check," let alone the pace at which this check is undertaken. Thus, the FBI has no duty regarding the pace of background checks that could give rise to APA or mandamus jurisdiction or claims against the FBI.

Accordingly,

IT IS ORDERED that:

1. Defendants' motion to dismiss (filing 12) is granted because this court lacks jurisdiction or, alternatively, because the complaint fails to state a claim; and

2. Judgment shall be entered by separate document.

March 20, 2008.                    BY THE COURT:

                                   s/ *Richard G. Kopf*
                                   United States District Judge

---

Piester) (same). Further, I have found that the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(B)(ii) divested this court of jurisdiction over a claim of unreasonable delay in processing an *I-485 status adjustment* application. *See, e.g., Yang v. Gonzalez*, No. 4:06CV3290, 2007 WL 1847302 (D. Neb. June 25, 2007); *contra*, *Li v. Chertoff*, No. 8:07CV50, 2007 WL 2123740 (D. Neb. July 19, 2007) (Judge Strom) (finding mandamus and APA jurisdiction in I-485 status adjustment case without separately addressing jurisdiction over FBI, which was a defendant in addition to USCIS).